

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
FEB 28 2022
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

ALEX RAY CONTRERAS, §
TDCJ-CID No. 01776316, §
 §
　　　Plaintiff, §
 §
v. § 2:19-CV-057-Z-BR
 §
E. DEAN ROPER *et al.*, §
 §
 §
　　　Defendants. §

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983

against the above-referenced Defendants (ECF No. 3) ("Complaint"), filed March 25, 2019.

Plaintiff filed suit *pro se* while incarcerated in the Texas Department of Criminal Justice ("TDCJ"),

Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*.

For the reasons discussed herein, the Court **DISMISSES** Plaintiff's Complaint **WITH**

**PREJUDICE**.

### FACTUAL BACKGROUND

Plaintiff claims both his attorneys provided inadequate legal representation during his 2012

trial and sentencing. ECF No. 3 at 4. Plaintiff also sues the district judge, the district attorney, and

the county sheriff for their respective roles in his conviction. *Id.*

LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

ANALYSIS

First, Plaintiff's claims are barred by the *Heck* doctrine because his conviction and sentence have not been overturned. A Section 1983 claim attacking the constitutionality of a conviction (or imprisonment, as the case may be) does not accrue until that conviction (or sentence) has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477 (1994); *see also Wells v. Bonner*, 45 F.3d

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

90, 94 (5th Cir. 1995). Here, all of Plaintiff's claims necessarily involve his underlying state-court conviction. Plaintiff's conviction has not been overturned by appeal or habeas relief. Additionally, the Defendants are — in large part — immune from suit. The Court **DISMISSES** Plaintiff's claims **WITH PREJUDICE** as frivolous until the *Heck* conditions are met.

Second, immunity from suit applies to Defendants. Defendant Board is a judge entitled to absolute immunity for actions taken while presiding over this case. Defendant Simms is a prosecutor entitled to immunity from suit from these allegations.

Judges are absolutely immune from liability for damages caused by judicial acts "that are not performed in clear absence of all jurisdiction, however erroneous the act and however evil the motive." *Johnson v. Kegans*, 870 F.2d 992, 995 (5th Cir. 1989). Prosecutors are immune from Section 1983 suits for acts within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Prosecutorial immunity extends to a prosecutor's actions in initiating, investigating, and pursuing a criminal prosecution. *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980). This immunity encompasses acts within the judicial phase of criminal proceedings, even if the prosecutor has acted maliciously, wantonly, or negligently. *Rykers v. Alford*, 832 F.2d 895, 897 (5th Cir. 1987).

Section 1983 suits may be instituted to sue a state employee who uses state powers to violate a person's constitutional rights. *See Monroe v. Pape*, 365 U.S. 167, 184 (1961). Private citizens may not be sued because they do not act under color of state law. *Id.* Defense attorneys are private citizens and are not state actors within the meaning of 42 U.S.C. § 1983, even when appointed by the court. *Briscoe v. LaHue*, 460 U .S. 328, 329 n.6 (1983). Defendants Roper and McCoy are private citizens and cannot be the object of a civil rights lawsuit. The Plaintiff's claims

against these Defendants are frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court therefore **DISMISSES** Plaintiff's claims **WITH PREJUDICE**.

CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **ORDERS** Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 be **DISMISSED WITH PREJUDICE** as frivolous.

**SO ORDERED**.

February **28**, 2022

_____

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

4